RECEIVED
FEB - 6 2007
U.S. MAGISTRATE
JUDGE

BRETT L. TOLMAN, United States Attorney (#8821)
MICHAEL P. KENNEDY, Assistant United States Attorney (#8759)
Attorneys for the United States of America
185 South State Street, Ste. 300 • Salt Lake City, Utah 84111
Telephone: (801) 524-5682 • Facsimile: (801) 524-4475
e-mail: michael.kennedy@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | MAGIS. NO. 2:07-MJ-33 DN |
| Plaintiff, | : | |
| | : | COMPLAINT |
| vs. | : | |
| | : | VIO. |
| THOMAS McSHERRY, | | 49 U.S.C. § 46504 |
| Defendant. | | INTERFERENCE WITH A FLIGHT CREW |

Before a United States Magistrate Judge for the District of Utah, appeared the undersigned, who on oath deposes and says:

COUNT 1

On or about February 5, 2007, in the Central Division of the District of Utah and elsewhere,

THOMAS McSHERRY

the Defendant herein, did, in the special aircraft jurisdiction of the United States as defined in 49 U.S.C. § 46501(2), assault and intimidate flight attendants and crew members of an aircraft, thereby interfering with the performance of the duties of the flight attendants and crew members and lessening the ability of the flight attendants and crew members to perform those duties, all in violation of and punishable under 49 U.S.C. § 46504.

Complainant states that this complaint is based on information obtained through investigation consisting of the following:

1. I am a Special Agent of the Federal Bureau of Investigation (FBI) and currently am assigned to the Violent Crimes Squad of the Salt Lake City Division, Salt Lake City, Utah. The information contained herein is based upon my personal knowledge and knowledge gained by, through and from other law enforcement officials, and witnesses who have provided reliable information.

2. This affidavit is being submitted in support of a criminal complaint justifying the arrest of THOMAS J. McSHERRY.

3. Your affiant has probable cause to believe that THOMAS J. McSHERRY interfered with a flight crew members and attendants in violation of Title 49, United States Code, Section 46504.

4. On February 5, 2007 at approximately 4:00 pm THOMAS J. McSHERRY was a passenger on Delta Flight 1671 which was to fly from San Francisco, California non-stop to John F. Kennedy International Airport ("JFK"), in New York. The plane, however, was diverted to the Salt Lake City International Airport in Salt Lake City, Utah. McSHERRY was a passenger seated in the first-class section assigned seat 3A. According to statements made by Delta Flight attendants, McSHERRY was uncooperative, belligerent and offensive. His actions and refusal to comply with on-board safety rules interfered with the ability of these flight attendants to perform their duties.

5. Flight Attendant SERGEY McCORMICK advised responding Salt Lake Airport Police that McSHERRY appeared to be "under some kind of influence" when he boarded the plan and was seated in First Class seat 3A. McSHERRY was very upset about his first class accommodations despite efforts of the flight attendants to calm him down. McSHERRY continued to be "very demanding, pushy and upset" delaying the flight attendants' ability to serve some twenty other passengers. Flight Attendant McCORMICK also advised the police officers that McSHERRY would not comply with on-board safety rules concerning fastening seat belts and discontinuing use of cellular phones.

6. I did find McSHERRY's cellular phone to be on and functioning when he and his carry-on possessions were brought to the Airport Police Station. McCORMICK also advised that McSHERRY used profanity and made offensive comments concerning McCORMICK's nationality. (McCORMICK advised officers that he is Russian.) McCORMICK also advised the officers that McSHERRY told him that he, McSHERRY, would "kick your ass" or words to that effect. McCORMICK notified the Captain of McSHERRY's conduct and the decision was made to divert the flight to Salt Lake City for McSHERRY's removal.

7. Flight Attendant TAFFY RENZONI advised Salt Lake City Airport Police that McSHERRY was upset about first-class and was very agitated and was using profane language. RENZONI described McSHERRY's demeanor as "altered", his behavior "hostile" and his speech "somewhat slurred".

8. First-class passenger MELISSA KNEIVEL, seated in seat 3B, advised officers that the passenger in 3A, identified as McSHERRY, was not happy about first class and complained several times to the flight attendants about his accommodations. When a flight attendant told McSHERRY that the flight would land in Salt Lake City, McSHERRY said he would "kick your ass", referring to the flight attendant, if the flight landed in Salt Lake City.

9. Delta Airline Captain FRANK BUNTING advised officers that he was notified by his flight attendants that they had an unruly passenger in first class. The on-board leader, SERGEY McCORMICK, advised BUNTING that the passenger in seat 3A, identified as THOMAS McSHERRY, was creating a disturbance and was bothering the other passengers. BUNTING advised the on board leader to tell McSHERRY that if he did not settle down that the plane would be diverted to Salt Lake City for his removal. BUNTING advised officers that when the on board leader relayed this message to McSHERRY, McSHERRY told the on board leader that he would "kick your ass." The flight attendants felt it would be difficult to continue the flight with this passenger on board. Captain BUNTING agreed and diverted the flight to Salt Lake City.

10. Upon arrival at Salt Lake City International Airport, uniformed police officers escorted McSHERRY off the plane. It was noticed that McSHERRY was agitated and smelled of alcoholic beverages. Upon his arrival at the police station I met with McSHERRY. He was advised that he did not have to speak to myself or other law enforcement officers but he did answer questions concerning his identity and also said that he never used foul language, did not insult the flight attendant nor threaten to "kick his ass." He did say that he complained about the level of service but did not cause a disturbance. McSHERRY also said that he was never advised that the flight was going to be diverted to Salt Lake City.

11. In consultation with the United States Attorney's Office for the District of Utah I then made a probable cause arrest of McSHERRY for Interference With a Flight Crew in violation of Title 49 United States Code Section 46504. I orally advised him of his constitutional rights per Miranda but he did not respond other than to say words to the affect of "take me to jail". He was transported by myself and Special Agent Russ Johnson. During the trip he did use profane language and accused the flight attendant (McCORMICK) of having a "hissy fit."

12. Based upon the facts known to me and provided above, I have probable cause to believe that THOMAS J. McSHERRY did , by intimidation, interfere with the

//

//

//

//

//

//

//

//

performance of the duties of flight attendants SERGEY McCORMICK, TAFFY RENZONI, Captain FRANK BUNTING and the operation of Delta Flight 1671on February 5, 2007.

_____
MARTIN R. SCHWARZ
Special Agent
Federal Bureau of Investigation

SUBSCRIBED AND SWORN TO BEFORE ME this __6th__ day of February, 2007.

_____
DAVID NUFFER
United States Magistrate Judge

APPROVED:

BRETT L. TOLMAN
United States Attorney

_____
MICHAEL KENNEDY
Assistant United States Attorney